LEAVITT J. HUNT and Another, as Executors, etc., of JOSEPH HOWLAND HUNT, Deceased, and Another, Appellants, *v.* VELMA GLENN HODGES LANEHART and Another, Defendants, Impleaded with HARTUNE MICHAELYAN, Respondent.

First Department, May 1, 1931.

*Leavitt J. Hunt* of counsel [*Reese D. Alsop* with him on the brief; *Hunt, Hill & Betts*, attorneys], for the appellants.

*Herman Aaron* of counsel [*Percival S. Jones*, attorney], for the respondent.

PER CURIAM.   Plaintiffs brought this action to recover for moneys alleged to have been had and received by defendants upon the sale of three Flemish tapestries delivered by the individual plaintiff and her husband, Joseph Howland (now deceased), the owners of said tapestries, to the defendant Lanehart, an art dealer in New York city, for the purpose of selling the same, and possession

of which tapestries is alleged to have been delivered by defendant Lanehart to defendant H. Michaelyan, Inc., or to the individual defendant Hartune Michaelyan, without the knowledge or consent of plaintiffs, and in turn alleged to have been sold by defendant Michaelyan at a price in excess of $50,000. At a prior trial of the issues the complaint was dismissed by consent as to the corporate defendant. The action as against defendant Lanehart has been settled and discontinued, and at the last trial the action was prosecuted solely against the individual defendant Michaelyan. Said last-named defendant is charged by plaintiffs with participation in a fraud upon the owners of the tapestries in question whereby the same were sold and disposed of without the knowledge or consent of said owners and to their damage.

At the close of plaintiffs' case at the trial now under review the justice presiding granted the motion of counsel for defendant for a dismissal of the complaint upon the ground, as stated by the court, that the plaintiffs had mistaken their remedy, and should have sued in replevin to recover possession of the tapestries or for conversion to recover their value; that plaintiffs, having ratified the contract, waived the tort, and that by seeking to recover the money received by defendant Michaelyan upon a sale of the tapestries, plaintiffs confirmed the title in the tapestries in said defendant, and in so doing ratified the acts of their agent, Lanehart.

In our opinion the learned justice below was clearly in error in granting defendant's motion. It is contended by counsel for defendant, respondent, that the tapestries were sold by defendant Lanehart to defendant Michaelyan. We think the evidence fails to show such sale. At most, a question of fact was presented with reference thereto. Respondent also contends that he is fully protected by the Factors' Act (Pers. Prop. Law, § 43, as amd. by Laws of 1915, chap. 273), and that by the delivery of the tapestries to the defendant Lanehart the owners constituted her their factor. Even though such agency was created, in our opinion the same, at least, as to the undivided one-half interest therein of Joseph Howland Hunt, terminated upon his death, which occurred October 11, 1924, long prior to the sale of the tapestries by defendant Michaelyan. Appellants seek to recover of the said defendant on the claim that he was a party to and cognizant of the fraud perpetrated upon the owners whereby they were deprived of their property. This the said defendant denies, claiming that he acted innocently throughout. We think the evidence was sufficient to present a question of fact upon such issue.

In our opinion the judgment appealed from should be reversed and a new trial granted, with costs to appellants to abide the event.

Present — FINCH, P. J., MERRELL, McAVOY, MARTIN and TOWNLEY, JJ.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.